Davis, J.
The statutes of this state (Revised Statutes, Section 5457) provide that all suitors while going to, attending, or returning from court, shall be privileged from arrest; and ever since the decision of Andrews v. Lembeck, 46 Ohio St., 38, the statute has been construed as extending the privilege to the service of summons in civil cases.
We do not understand that the counsel for the plaintiff in error questions this construction; but his contention is that the privilege is confined to the time during which the suitor is necessarily occupied in going to, attending, or returning from court; or, in other words, that in order to claim the exemption the suitor must go to. or return from court b}^ the most direct and speediest route, and that he must not delay in attendance upon the court any longer than is absolutely necessary. We think that such a rigorous application of the law would destroy the privilege, which had its origin in justice to the suitor and in the necessity *86 of protecting the courts from embarrassment in the transaction of business.
It is a rule of interpretation, which is universally recognized, that a statute will not be presumed to derogate from or abrogate the common law. Such a legislative intention must plainly appear. It does not appear here; and therefore we may properly look to the common law for an explanation of the terms of the statute. A very few citations will be sufficient to show that under the common law the privilegie is allowed with a reasonable latitude; that a party going to or returning from court need not take the most direct route; that reasonable deviations or delays will be allowed, provided they do not arise in carrying out a purpose entirely distinct from the purpose of going to, attending, or returning from court.
In Willingham v. Matthews, 6 Taunt., 356, it appeared that the defendant went from the court, that he passed through streets which were not in the direct way to his home, and that he went into a cutler’s shop on one of those streets; and it was argued that it was his duty to go directly home and not to transact his own business by the way. The court, however, said: “A party is not bound to go the nearest way home; and if he do not abuse the privilege for the purpose of going about other business of his own, of which no evidence appears on these affidavits, we must say that he is entitled to his discharge.”
Pitt v. Coomes is reported in 5 B. & Ad., 1078, and 3 Nev. & Man., 212. Pitt had left the court in the evening and had gone directly to his office where he took refreshments and sorted his papers. *87 After remaining at his office for from one to two hours, he left for his home, but went into a tailor’s shop, where an officer arrested him. Denman, C. J., said: “The doctrine of deviation might become very alarming if carried to such an extent that whenever the officer saw the party going one yard out of his way home, he might immediately arrest him. * * * A party on his return from a court of justice ought substantially to receive its protection, and to have the benefit of its dignity and quiet, till he reaches his home. The case just cited is stronger than this. [Lightfoot v. Cameron, 2 W. Bla., 1113.] There the party was dining with his attorney and witnesses when the officer took him; and yet he was held do be protected.” Littledale, J., in the same case said: “There is a case where a woman was a witness on a trial at Winchester, which ended at four in the afternoon of Friday; she stayed there till Saturday, and at seven in the evening was arrested as she was going home to Portsmouth; and this court held that she ought to be discharged.”
Williams v. Webb, 5 Scott’s N. R., 898, is also very suggestive. The defendant left his residence to go to his office to get some papers which he believed to be necessary in the argument of a motion in court, intending to pursue his way from his office to the court. On the way to his office he was arrested. Tindal, C. J., said: “There is no pretense for saying that this person had not a right to go to his office for his papers. The only question is whether or not he was going out of the way. Upon these affidavits I do not collect that there was any real deviation.” Pitt v. *88 Coomes, supra, was cited, and Lord Chief Justice Tindal remarked that he could not see any substantial distinction between that case and the one then before the court; and all the other judges concurred.
In Selby v. Hills, 1 Moore & Scott, 253, also reported in 1 Dowl. Pr. C., 257, Lord Chief .Justice Tindal again said: “The only question to be considered is, whether the defendant was honestly using his privilege, or whether he only sets it up as a pretense to defeat a creditor. The rule is not to be scanned with too strict an eye; every reasonable intendment is to be made in favor of a party claiming exemption under it.”
In Ricketts et al. v. Gurney, 7 Price, 699, it appeared that the defendant went from London to Clifton, on the way to trial at Exeter, staying at Clifton two days to procure and sort his papers, and with his lawyer selecting such documents as were necessary to be used in the trial. The defendant was arrested at Clifton; but it was held that he was entitled to the' privilege, on the ground that the deviation was for a necessary purpose and the delay no more than -reasonable.
In Sidgier v. Birch, 9 Ves. Jr., 69, it was shown that for the purpose of an examination before a master in chancery, it was necessary for the defendant to see a deed which was in the hands of another party, who was hostile to him, and whom, therefore, he did not choose to see except in the presence of his solicitor, and failing to meet his solicitor, after waiting for several hours, was returning home for other necessary papers when he was arrested. Lord Chancellor Eldon dis *89 charged the defendant and said that the question in these cases is always whether the man was. bona fide engaged in the business he was called upon to execute.
It is claimed that the defendant in this case, being a non-resident of this state, is not within the privilege; but the statute extends the privilege to “all suitors,” nor is it restricted to going to, attending or returning from any particular court, and apart from the statute the immunity does not depend upon statutory provisions, but arises ex necessitate in the due administration of justice.
It does not appear that the defendant made an unreasonable deviation from a direct route to the place of trial, or that his stopping at Dayton was, under the circumstances, unreasonable or unnecessary, or that his tarrying on the way at that place was not in good faith or for any purpose wholly disconnected with the purpose of going to and attending the trial at Cincinnati.
The judgment of the court of common pleas quashing the service which was made upon the defendant, was therefore correct; and the judgment of the circuit court affirming the judgment of the court of common pleas is

Affirmed.

Shauck, C. J., Price, Crew, Summers and Spear, JJ., concur.